# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO CASTRO and MARIA DEL CARMEN CASTRO, as individuals,<br><br>    Plaintiffs,<br>vs.<br>JP MORGAN CHASE BANK; f/k/a (Washington Mutual Bank); NORTHWEST TRUSTEE SERVICES, INC.; and DOES 1 to 10, inclusive,<br><br>    Defendants. | CASE NO. 14cv1802-WQH-RBB<br><br>ORDER |

HAYES, Judge:

The matters before the Court are Plaintiffs' Motion to Add Doe Defendant (ECF No. 9) and Emergency Motion For Temporary Restraining Order, And Order To Show Cause Why a Preliminary Injunction Should Not Issue (ECF No. 16).

## I.  BACKGROUND

On June 30, 2014, Plaintiffs Fernando Castro and Maria Del Carmen Castro initiated this action by filing the Complaint in the San Diego County Superior Court case number 37-2014-00021520-CU-OR-CTL against JP Morgan Chase Bank, N.A. ("JP Morgan") and Northwest Trustee Services, Inc. ("Northwest"). (ECF No. 1-2). On July 31, 2014, Defendant JP Morgan filed a Notice of Removal, removing the case to this Court. (ECF No. 1).

On August 4, 2014, Plaintiffs filed a "Motion For Remand Back to the San Diego Superior Court." (ECF No. 4). On August 5, 2014, Defendant Northwest filed a

response to Plaintiffs' motion to remand opposing removal. (ECF No. 5). On August 7, 2014, Defendant JP Morgan filed a response to Plaintiffs' motion to remand opposing removal. (ECF No. 6).

On August 7, 2014, Defendant JP Morgan filed the Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6). (ECF No. 7). Plaintiffs have not filed a response to Defendant JP Morgan's motion to dismiss.

On August 12, 2014, Plaintiffs filed a Motion to Add Doe Defendant. (ECF No. 9). Plaintiffs seek to join PNC Bank, Commonwealth United Mortgage Company, and Quality Loan Service Corporation as Defendants. On August 19, 2014, Defendant JP Morgan filed a response. (ECF No. 10). Defendant JP Morgan opposes Plaintiffs' Motion to Add Doe Defendant on the grounds that the Complaint relates exclusively to allegations that JP Morgan violated the Homeowner's Bill of Rights by initiating foreclosure proceedings under the Home Equity Line of Credit. Defendant JP Morgan asserts that Plaintiffs do not allege that PNC Bank, Commonwealth United Mortgage Company, or Quality Loan Services Corporation had any relationship to the Home Equity Line of Credit, or took any action pursuant to the Home Equity Line of Credit. Defendant JP Morgan further contends that joinder of PNC Bank, Commonwealth United Mortgage Company, and Quality Loan Servies would destroy the complete diversity of citizenship between the parties.

On October 3, 2014, Plaintiffs filed the Emergency Motion For Temporary Restraining Order, An Order To Show Cause Why A Preliminary Injunction Should Not Issue seeking relief against PNC Bank and their agent Quality Loan Services Corporation. (ECF No. 16).

## II.    RULING OF COURT

Plaintiffs seek an Emergency Motion For Temporary Restraining Order, And Order To Show Cause Why a Preliminary Injunction Should Not Issue to halt the sale of Plaintiffs' home on October 7, 2014. The Declaration of Plaintiffs' Counsel states: "[f]or purposes of this Emergency Motion the relief is only sought against PNC Bank and their agent Quality Loan Services." (ECF No 16-2, Declaration of Joseph La Costa at 3). The

Declaration of Plaintiffs' Counsel further states: "PNC Bank and Quality Loan Services have set a foreclosure sale for October 7, 2014." (ECF No. 16-2, La Costa Decl. at 3). Plaintiffs contend that they are likely to succeed on the merits because the Complaint has alleged facts sufficient to demonstrate that the PNC Bank and Quality Loan Services Corporation have no right to title or interest in the Note and Deed of Trust that secure his property. (ECF No. 16-1 at 10). Plaintiffs further contend that a possibility of irreparable injury exists because Plaintiffs will lose their family home. (ECF No 16-1 at 14).

PNC Bank and Quality Loan Services Corporation are not parties to this action and the Complaint states no facts alleging wrongful conduct by PNC Bank or Quality Loan Services Corporation. The Court does not have personal jurisdiction to issue the Emergency Motion For Temporary Restraining Order, An Order To Show Cause Why A Preliminary Injunction Should Not Issue against PNC Bank or Quality Loan services Corporation because Plaintiffs have not filed and served a Complaint against PNC Bank or Quality Loan Services Corporation. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).

Plaintiffs seeking to add defendants to this action must file a motion for leave to amend complaint. Plaintiffs Motion to Add Doe Defendant is denied.

IT IS HEREBY ORDERED that Plaintiffs' Emergency Motion For Temporary Restraining Order, And Order To Show Cause Why a Preliminary Injunction Should Not Issue (ECF No. 16) is DENIED without prejudice and Plaintiffs' Motion To Add Doe Defendant (ECF No. 9) is DENIED.

DATED: October 6, 2014

**WILLIAM Q. HAYES**
United States District Judge