1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO CASTRO and MARIA DEL CARMEN CASTRO, as individuals,<br><br>                              Plaintiffs,<br><br>        vs.<br><br>JPMORGAN CHASE BANK; f/k/a (Washington Mutual Bank); NORTHWEST TRUSTEE SERVICES, INC.; DOES 1 to 10, inclusive,<br><br>                              Defendants. | CASE NO. 14cv1802-WQH-RBB<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion to Remand, filed by Plaintiffs, and the Motion to Dismiss, filed by Defendant JP Morgan Chase Bank, N.A. ("JP Morgan"). (ECF Nos. 4, 7).

## I.        BACKGROUND

On June 30, 2014, Plaintiffs Fernando Castro and Maria Del Carmen Castro commenced this action by filing a Complaint in the San Diego County Superior Court against Defendants JP Morgan and Northwest Trustee Services, Inc. ("Northwest"). (ECF No. 1-2).  The Complaint alleges the following claims for relief: (1) violation of California Civil Code Section 2923.5 against all Defendants; (2) violation of California Civil Code Section 2923.7 against all Defendants; (3) violation of California Civil Code

Section 2924 against all Defendants; (4) violation of California Civil Code Section 2924.11 against all Defendants; (5) declaratory relief against Defendants All Select Portfolio Servicing, JP Morgan Chase ("JP Morgan"), Northwest Trustee Services, Inc. ("Northwest"), and Does 1 through 10; and (6) injunctive relief pursuant to California Civil Code section 2924.12 against all Defendants. The Complaint alleges that Plaintiffs have at all relevant times been residents of San Diego County. (ECF No. 1-2 at 2).

On July 31, 2014, JP Morgan Chase removed the action to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332 on the basis of diversity of citizenship. (ECF No. 1). The notice of removal asserts that JP Morgan is a national banking association with its main office in Columbus, Ohio, and Northwest is incorporated under the laws of Washington with its principal place of business in Seattle, Washington. *Id.* at 4. The notice of removal asserts that Defendants Does 1 through 10 are "[f]ictitious defendants whose citizenship is disregarded for purposes of removal." *Id*. at 5.

On August 4, 2014, Plaintiff filed the Motion to Remand to state court. (ECF No. 4). On August 7, 2014, Defendant JP Morgan filed an opposition to Plaintiff's motion to remand. (ECF No. 6). On August 7, 2014, Defendant JP Morgan filed the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7). Plaintiffs have not filed a response to Defendant JP Morgan's motion to dismiss.

## II. MOTION TO REMAND (ECF No. 4)

Plaintiffs contend that Defendants do not establish complete diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Northwest is a citizen of California. Plaintiffs contend that Defendants failed to meet the procedural requirements of 28 U.S.C. § 1446 because Northwest did not consent to removal from state court. Plaintiffs further contend that abstention is appropriate because the case presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar and the exercise of federal review would be disruptive of state efforts to establish a coherent policy with respect to a matter of

1 substantial public concern." (ECF No. 4) (citing *State v. Mushroom King, Inc.*, 77 B.R.

2 813, 818-19 (D. Or. 1987)).

3     Defendant JP Morgan contends that complete diversity exists pursuant to 28

4 U.S.C. section 1332 because Northwest is a citizen of Washington.  Defendant JP

5 Morgan contends that Northwest consented to the removal from state court and the

6 consent was timely because Plaintiffs failed to effectuate proper service, triggering the

7 removal period.  Defendant JP Morgan further contends that the Complaint raises

8 California Homowners' Bill of Rights and Non-Judicial Foreclosure issues that courts

9 throughout California have routinely adjudicated at both the state and federal levels.

10 (ECF No. 6).

11     **A.   FEDERAL DIVERSITY JURISDICTION**

12     Plaintiffs contend that Northwest is a California corporation and thus a citizen

13 of California for diversity purposes.  (ECF No 4 at 8).  Plaintiffs contend that since

14 Northwest is a citizen of California the Defendants have not met the burden of

15 establishing complete diversity of citizenship which is required under 28 U.S.C. section

16 1332.  *Id.* at 8-9.  Defendant JP Morgan contends that Northwest was incorporated in

17 the State of Washington, with its main headquarters in Bellevue, WA, and therefore, is

18 a citizen of the State of Washington.  (ECF No. 6 at 11).  There is no dispute as to the

19 citizenship of the remaining Defendants or the amount in controversy.

20     28 U.S.C. section 1332 authorizes district courts to exercise original jurisdiction

21 in cases in which the amount in controversy exceeds the sum or value of $75,000.00

22 and the parties are citizens of different states. 28 U.S.C. § 1332.  Diversity jurisdiction

23 requires complete diversity, meaning every plaintiff must be diverse from every

24 defendant.  *Id.*  "[A] corporation is a citizen only of (1) the state where its principal

25 place of business is located, and (2) the state in which it is incorporated. 28 U.S.C. §

26 1332(c)(1).  *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010); *Johnson v. Columbia

27 Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  "[T]he phrase 'principal

28 place of business' refers to the place where the corporation's high level officers direct,

control, and coordinate the corporation's activities ... the corporation's 'nerve center.'" *Hertz Corp.*, 559 U.S. at 80-81; *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1040 (9th Cir. 2009).

The record shows that Northwest was incorporated in the State of Washington on March 16, 2004. (ECF No. 6-1 at 2) and that Northwest's principal place of business is Bellevue, WA, where Northwest's President, Treasurer, Chairman, Vice President, and Secretary are located. (ECF No 6-1 at 2-3); *see Hertz Corp.*, 559 U.S. at 80-81; *see Davis*, 557 F.3d at 1040. The Court concludes Northwest is a citizen of the State of Washington for federal diversity purposes, and this Court has jurisdiction pursuant to 28 U.S.C. section 1332.

## B.   PROCEDURAL REQUIREMENTS

Plaintiffs contend that 28 U.S.C. section 1446 requires that each defendant file a notice of removal either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period following service of process. (ECF No. 4 at 9). Plaintiffs further contend that more than thirty days has elapsed since Defendant Northwest was served with the Complaint and neither attorney for Defendant Northwest has consented to the notice of removal or filed a document indicating joinder in or agreement with the notice of removal. *Id*. at 11. Plaintiffs contend that the time for filing a joinder in the notice of removal has expired and the notice of removal is procedurally defective for failure of all defendants to join. *Id*.

Defendant JP Morgan contends that Plaintiffs only attempted to serve Defendants with the Complaint by facsimile. (ECF No. 6 at 13). Defendant JP Morgan contends that service by facsimile can be effectuated only where the parties agreed and a written confirmation of that agreement is made. *Id*. Defendant JP Morgan contends that Plaintiffs have not put forth any evidence of a pre-existing agreement with Defendant JP Morgan or Defendant Northwest that permits Plaintiffs to serve either party by facsimile. *Id*. Defendant JP Morgan contends that the docket of San Diego County Superior Court does not indicate that Plaintiffs filed any proof of service of the

complaint upon any Defendant. *Id*. Defendant JP Morgan contends that the thirty-day removal period has not begun nor expired because Plaintiffs did not effectuate proper service upon either Defendant. *Id*. at 13-14. Defendant JP Morgan further contends that "counsel for JP Morgan obtained Northwest's consent to remove on July 30, 2014 - the day before JP Morgan filed the Notice of Removal" and that "Northwest further filed a notice of its consent to removal with this Court on August 5, 2014." *Id*. at 14.

28 U.S.C. section 1446 requires that all proper defendants join or consent to the removal notice. 28 U.S.C. § 1446; *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998). The record shows that Defendant Northwest consented to JP Morgan's removal on July 30, 2014 (ECF No. 5-1 at 1) and filed a Consent to Removal with this Court on August 5, 2014. (ECF No. 5). The Court finds that Northwest consented to removal within the meaning of 28 U.S.C. section 1446.

The removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *see also Quality Loan Service Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1133 (9th Cir. 2011) ("Actual notice of the action is insufficient; rather, the defendant must be notified of the action, and brought under a court's authority, by formal process, before the removal period begins to run.") (internal citations omitted).

Under California law, "Service by facsimile transmission shall be permitted only where the parties agree and a written confirmation of that agreement is made..."

*Humane Society of the United States v. Superior Court of Yolo Cnty.*, 214 Cal. App. 4th 1233, 1248 (2013) (quoting Cal. Code Civ. Proc. § 1013(e)); *see also* Fed. R. Civ. P. 5.  "After a summons has been served on a person, proof of service of the summons ... shall be filed..."  Cal. Code Civ. Proc. § 417, *et seq.*

The record shows that as of August 5, 2014 Plaintiffs had not filed proof of service with the San Diego County Superior Court.  (ECF No. 6, Exh. C).  As a result, formal service had not been effectuated and the thirty-day removal period had not been triggered as of August 5, 2014.  *See Murphy Bros.*, 526 U.S. at 347-48 ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."); *see also Quality Loan Service Corp.*, 635 F.3d at 1133 ("Actual notice of the action is insufficient; rather, the defendant must be 'notified of the action, and brought under a court's authority, by formal process,' before the removal period begins to run.").  The Court concludes JP Morgan's removal on July 31, 2014 and Northwest's notice of consent to removal filed with the Court on August 5, 2014 were timely and met the requirements of 28 U.S.C. section 1446.

## C.   ABSTENTION

Plaintiffs contend that abstention is appropriate if the case presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar" and "[i]t is enough that the exercise of federal review of the question would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."  *See* ECF No. 4 at 12 (citing *Mushroom King*, 77 B.R. at 818).  Defendants contend that the Complaint raises California Homeowners' Bill of Rights and Non-Judicial Foreclosure issues that courts throughout California have routinely adjudicate at both the state and the federal level.  (ECF No. 6 at 16).

Abstention from the exercise of federal jurisdiction "is the exception, not the

rule." *Knudson Corp. v. Nevada State Dairy Com'n*, 676 F.2d 374, 376 (9th Cir. 1982) (*quoting Colorado River Water Conservation Dist.*, 424 U.S. at 813).   Ordinarily a federal court must decide cases properly before it.  *Knudson*, 676 F.2d at 376 (citing *Turf Paradise, Inc. v. Arizona Downs*, 670 F.2d 813, 819 (9th Cir. 1982)).   A federal court sitting in equity may dismiss or remand based on principles of abstention only where "(1) there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar;' or (2) where the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *New Orleans Pub. Serv., Inc., v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976)).

The Court of Appeals for the Ninth Circuit "requires certain factors to be present for abstention to apply: (1) that the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) that federal review might disrupt state efforts to establish a coherent policy." *Tucker v. First Maryland Sav. & Loan, Inc.*, 942 F.2d 1401, 1405 (9th Cir. 1991) (citing *Knudsen*, 676 F.2d at 377); *see also U.S. v. Morros*, 268 F.3d 695, 705 (9th Cir. 2001) ("abstention doctrine requires: first that the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court; second, that federal issues could not be separated easily from complex state law issues with respect to which state courts might have special competence; and third, that federal review might disrupt state efforts to establish a coherent policy.").

Plaintiff does not assert or present evidence that California has concentrated suits involving the California Homeowners' Bill of Rights in a particular court.   Issues involving the California Homeowners' Bill of Rights have been adjudicated in multiple state courts in California.  *See Rossberg v. Bank of America, N.A.*, 219 Cal. App. 4th

1481 (2013) (adjudicating a claim under Cal. Civ. Code § 2923.5); *Biancalana v. T.D. Service Co.*, 56 Cal. 4th 807 (2013); *Intengan v. BAC Home Loans Servicing LP*, 214 Cal. App. 4th 1047 (2013) (adjudicating claim under Cal. Civ. Code § 2923.5).

The Homeowners' Bill of Rights issues are not complex and are routinely adjudicated in federal courts. *See Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964 (N.D. Cal. 2012) (adjudicating a claim under Cal. Civ. Code § 2923.5); *Agbowo v. Nationstar Mortg. LLC*, 2014 U.S. Dist. LEXIS 105868 (N.D. Cal. May 5, 2014) (adjudicating a claim under Cal. Civ. Code § 2923.7); *Mina Ha v. Bank of America, N.A.*, 2014 U.S. Dist. LEXIS 100239 (N.D. Cal. July 22, 2014) (adjudicating a claim under Cal. Civ. Code § 2924); *Austin v. Ocwen Loan Servicing, LLC*, 2014 U.S. Dist. LEXIS 105885 (E.D. Cal. July 31, 2014) (adjudicating a claim under Cal. Civ. Code § 2924.11); *McKinley v. CitiMortgage, Inc.*, 2014 WL 651917 (E.D. Cal. Feb. 19, 2014) (adjudicating a claim involving Cal. Civ. Code § 2924.12).

This case would not disrupt state efforts to establish a coherent policy because California has not established a system of concentrated judicial review. *See Privitera v. California Board of Medical Quality Assurance*, 926 F.2d 890, 895 (9th Cir.1991) ("deciding this case would not interfere with any similar effort by California to maintain consistency in a complex area of law because California had not established any such system of concentrated judicial review.").

The Court concludes that federal jurisdiction is satisfied and abstention is not warranted in this case. Abstention from the exercise of federal jurisdiction "is the exception, not the rule." *Knudson Corp. v. Nevada State Dairy Com'n*, 676 F.2d 374, 376 (9th Cir. 1982) (*quoting Colorado River Water Conservation Dist.*, 424 U.S. at 813). Plaintiff's Motion to Remand is denied.

## III.   MOTION TO DISMISS (ECF No. 7)

A district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Civil Local Rule 7.1

provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."   S.D. Cal. Civ. Local Rule 7.1(f)(3)(c). "Although there is ... a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming grant of motion to dismiss for failure to prosecute); *see also Steel v. City of San Diego*, No. 09cv1743, 2009 WL 3715257, at *1 (S.D. Cal., Nov. 5, 2009) (dismissing action pursuant to Local Rule 7.1 for plaintiff's failure to respond to a motion to dismiss).

The Motion to Dismiss contains proofs of service indicating that Plaintiffs were served with the Motion to Dismiss.  (ECF No. 7 at 3).  The Motion to Dismiss and the Court's docket reflect that the hearing for the Motion to Dismiss was noticed for September 15, 2014.  Civil Local Rule 7.1 provides: "each party opposing a motion ... must file that opposition ... with the clerk ... not later than fourteen (14) calendar days prior to the noticed hearing."  S.D. Cal. Civ. Local Rule 7.1(e)(2).  The docket reflects that Plaintiffs have failed to file an opposition.  The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss for failure to file an opposition. *Ghazali*, 46 F.3d at 53.  Defendant JP Morgan Chase's Motion to Dismiss is granted.

///

edit

**IV.     CONCLUSION**

1

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (ECF No. 6) is

2

DENIED and  Defendant JP Morgan's Motion to Dismiss (ECF No. 7) is GRANTED.

3

Plaintiff may file a motion for leave to amend the Complaint, accompanied by a

4

proposed first amended complaint, no later than thirty (30) days from the date this

5

Order is filed.

6

DATED:  October 21, 2014

7

8

**WILLIAM Q. HAYES**
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -